**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DARQUAVION BELL,

    Plaintiff,                      Case No. 2:20-CV-10559
                                        HONORABLE GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT COURT JUDGE

UNKNOWN BRYANT, ET AL.

    Defendants,

_____/

**<u>ORDER REQUIRING PLAINTIFF TO PROVIDE THE COURT WITH SUFFICIENT INFORMATION TO EFFECT SERVICE UPON THE DEFENDANTS</u>**

       Before the Court is Plaintiff Darquavion Bell's civil rights complaint filed under 42 U.S.C. § 1983. For the reasons stated below, plaintiff is ordered to sufficiently identify the defendants whom he is suing so that service can be directed in this case.

       An inmate bringing a civil rights complaint must specifically identify each defendant against whom relief is sought, and must give each defendant notice of the action by serving upon him or her a summons and copy of the complaint. *Feliciano v. DuBois,* 846 F. Supp. 1033, 1048 (D. Mass. 1994). Where a plaintiff is proceeding *in forma pauperis,* as is the case here, the district court must bear the responsibility for issuing the plaintiff's process to a United States Marshal's Office, who must effect service upon the defendants once the plaintiff has properly identified the defendants in the complaint. *Williams v. McLemore,* 10 F. App'x. 241, 243 (6th Cir. 2001); *Byrd v. Stone,* 94 F. 3d 217, 219 (6th Cir. 1996); Fed. R. Civ. P. 4(c)(2); 28 U.S.C. § 1915(d). Where a district court instructs the U.S. Marshal to serve papers on behalf of an *in forma pauperis* prisoner,

1

the prisoner need furnish no more than the information necessary to identify the defendant or defendants. *Sellers v. United States,* 902 F. 2d 598, 602 (7th Cir. 1990).

In the present case, plaintiff has failed to completely identify the defendants that he seeks § 1983 relief against, because he only identifies them by their last names. Because plaintiff has inadequately identified the defendants that he wishes to sue in this matter, the Court is unable to order the U.S. Marshal's Service to properly effect service in this case. Courts have upheld the dismissal of a *pro se* prisoner's civil rights complaint, where the plaintiff failed to provide the district court with the names and addresses of all of the defendants that the plaintiff was filing suit against. *See Jaakola v. Snyder,* 889 F. 2d 1087; 1989 WL 137855, * 1 (6th Cir. Nov. 16, 1989).

Accordingly, plaintiff is **ORDERED** to provide the full names of the two defendants whom he wishes to sue within **thirty (30) days** of this order. If plaintiff does not provide the requested information to the United States District Court within **thirty (30) days** of the date of this Order, his complaint shall be **DISMISSED WITHOUT PREJUDICE.**

S/David. R. Grand
HON. DAVID R. GRAND
UNITED STATES MAGISTRATE JUDGE

Dated:
The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on

Deputy Clerk  s/Tracy Thompson

Dated: 7/28/2021